NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WORLD NUTRITION INCORPORATED, an Arizona corporation,

Plaintiff - Appellee,

v.

ADVANCED SUPPLEMENTARY TECHNOLOGIES CORPORATION, a California corporation; doing business as AST Enzymes; CAL-INDIA FOODS INTERNATIONAL, doing business as Specialty Enzymes & Biotechnologies Company;  doing business as Specialty Enzymes & Probiotics,

Defendants - Appellants,

and

ADVANCED ENZYMES USA, AST ENZYMES,

Defendants.

No. 24-4976

D.C. No.
2:19-cv-00265-GMS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted August 14, 2025
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge R. NELSON.

Plaintiff World Nutrition, Inc. and Defendant Advanced Supplementary Technologies Corp. ("AST") have both advertised some of their respective enzyme products as having, to varying degrees, enteric coating. Believing AST's advertising to be false, World Nutrition sued in 2019, asserting claims for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125, and of Arizona law.[1] In response, AST asserted certain equitable defenses, including laches, and raised three false-advertising counterclaims against World Nutrition. After a bench trial, the district court (1) rejected AST's laches defense; (2) ruled in favor of World Nutrition on its claim and in favor of AST on two of its three counterclaims; and, having determined that AST had earned more in the way of ill-gotten profits than had World Nutrition, (3) entered a monetary judgment in World Nutrition's favor. AST timely appeals. Reviewing the district court's factual findings for clear error, its legal conclusions de novo, Gov't of Guam v. Guerrero, 11 F.4th 1052, 1055 (9th Cir. 2021), and its application of the doctrine of laches for abuse of discretion, Pinkette Clothing, Inc. v. Cosm. Warriors Ltd., 894 F.3d 1015, 1025 (9th Cir.

---

[1] Because the parties' arguments apply with equal force to both their federal- and state-law claims, we will not distinguish between them in this disposition.

2018), we affirm in part, reverse in part, and remand for further proceedings consistent with this disposition.

1. The district court abused its discretion by rejecting AST's laches defense. To prevail, AST must show that (1) World Nutrition unreasonably delayed in initiating this action and (2) AST was prejudiced as a result. Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 838 (9th Cir. 2002). The "unreasonable delay" determination consists of two steps: (a) "assess[ing] the length of delay, which is measured from the time the plaintiff knew or should have known about its potential cause of action"; and (b) determining "whether the plaintiff's delay was reasonable," considering both the time allotted by the "analogous" state statute of limitations and any "legitimate excuse" for delay. Id. Meanwhile, the "prejudice" prong can be satisfied by expectations-based prejudice. See Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1227 (9th Cir. 2012) (describing such prejudice).

The district court erred by premising its decision solely on "prejudice" grounds, mentioning—but not addressing—the "unreasonable delay" prong. See Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1280 (9th Cir. 1980) ("[N]either delay nor prejudice can be viewed in isolation."). When a court determines that "the most analogous state statute of limitations expired before suit was filed," a "strong presumption in favor of laches" attaches. Pinkette Clothing,

894 F.3d at 1025.  Courts must "bear[] in mind th[at] presumption" when evaluating prejudice.  Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc., 559 F.3d 985, 991 (9th Cir. 2009).

The record shows that World Nutrition knew—or at least should have known—about its false-advertising claim by 2011, if not a year or two earlier.  The analogous limitations period applicable here—which the parties, and we, agree is "Arizona's three-year statute of limitations for fraud," Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc., 603 F.3d 1133, 1140 (9th Cir. 2010)— expired in 2014, five years before World Nutrition sued.  Consequently, the district court abused its discretion in failing to evaluate laches's second prong "[i]n light of the presumption of prejudice," Jarrow, 304 F.3d at 839–40; see Williams v. J.B. Hunt Transp., Inc., No. 24-933, 2025 WL 2315897, at *5 (9th Cir. Aug. 12, 2025) (explaining that a district court abuses its discretion when it "fails to employ the appropriate legal standards" or "misapprehends the law" (quoting Smith v. Helzer, 95 F.4th 1207, 1213–14 (9th Cir. 2024))).

Applying that presumption, AST has satisfied the remaining requirements of laches.  Returning briefly to reasonableness, World Nutrition offers no legitimate excuse for its delay.  See Danjaq LLC v. Sony Corp., 263 F.3d 942, 954–55 (9th

Cir. 2001) (listing permissible excuses).[2]

As to prejudice, the district court, in addressing a different issue, relied on its determination that "AST centered its advertising—and spent substantial funds—on the claim that its products were more effective because of the enteric coating." The evidence in the record, including testimony from AST's director of sales and marketing, suffices to support that determination, and World Nutrition does not argue that the quoted finding is clearly erroneous. AST has therefore met its burden to establish prejudice. See Internet Specialties, 559 F.3d at 993 (explaining that prejudice exists when a defendant invests resources—whether through advertising or some other means—to "build a valuable business around [the specific business asset or practice being challenged] during the time that the plaintiff delayed" (emphasis altered) (quoting Grupo Gigante SA De CV v. Dallo & Co., 391 F.3d 1088, 1105 (9th Cir. 2004))); see also Jarrow, 304 F.3d at 839 (deeming prejudice present when the defendant "ha[d] invested enormous resources" to "t[ie] [its product's] identity to the challenged claims").

---

[2] At oral argument, World Nutrition's lawyer argued that the delay was reasonable because World Nutrition "was in bankruptcy starting in 2009 and did not have the wherewithal to pursue anything." Notably, however, World Nutrition failed to make that point in its brief. And, in any event, we have rejected similar arguments in conducting laches's "unreasonableness" inquiry. See Danjaq, 263 F.3d at 954–55 ("[The plaintiff] has argued . . . that he did not have enough money to bring suit. This consideration appears generally to be invalid.").

2. The district court did not clearly err in concluding that AST failed to meet its burden to prove the literal falsity of World Nutrition's advertising of its liquid products as "100%" effective. The district court's findings and conclusions regarding that counterclaim are amply supported by the evidence. We therefore affirm with respect to this issue. See Easley v. Cromartie, 532 U.S. 234, 242 (2001) (noting that a reviewing court will reverse for clear error only if, "on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed" (citation and internal quotation marks omitted))

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this disposition. Costs awarded to AST.**

FILED

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*World Nutrition Inc. v. Advanced Supplementary Techs. Corp., et al.*, No. 24-4976

R. NELSON, Circuit Judge, concurring in part and dissenting in part:

I would task the district court with deciding in the first instance whether an unreasonable delay occurred and, if it did, whether World Nutrition has overcome the presumption of laches on the prejudice prong. *See Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980). Because the majority goes further, I concur only in part.